IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| JUAN CARLOS MEJIA OSORIO, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CAUSE NO. EP-25-CV-664-KC |
| | § | |
| KRISTI NOEM et al., | § | |
| | § | |
| Respondents. | § | |

## ORDER

On this day, the Court considered Juan Mejia Osorio's Petition for a Writ of Habeas Corpus ("Petition"), ECF No. 1. Mejia Osorio is held in immigration detention at the El Paso Processing Center in El Paso, Texas. *Id.* ¶¶ 1, 17. He argues that his detention is unlawful and asks the Court to order his release or a bond hearing. *Id.* ¶¶ 88–107.

Mejia Osorio has been in the country for approximately twenty-five years and was apprehended and detained by immigration authorities about three months ago outside a Home Depot in Burbank, California. *Id.* ¶¶ 25–26, 40. In its Show Cause Order, ECF No. 2, the Court noted that, "[a]s alleged, [Mejia Osorio's] case appears materially indistinguishable from several others in which this Court has found a procedural due process violation. *See, e.g.*, *Martinez v. Noem*, No. 3:25-cv-430-KC, 2025 WL 2965859, at *1–5 (W.D. Tex. Oct. 21, 2025)." Show Cause Order 1. The Court thus asked Respondents to engage with its prior decisions and "explain whether the facts of Mejia Osorio's case warrant a different outcome." *Id.* at 1.

Respondents conceded that "[n]o material differences exist" between *Martinez* and this case. *See* Resp. 17–18, ECF No. 3. Indeed, throughout its many decisions on this topic, the

Court has already rejected nearly every legal argument raised in the Response.[1] *Compare* Resp. 1–10, *with, e.g.*, *Lala Barros v. Noem*, No. 3:25-cv-488-KC, 2025 WL 3154059, at *1–6 (W.D. Tex. Nov. 10, 2025); *Erazo Rojas v. Noem*, No. 3:25-cv-443-KC, 2025 WL 3038262, at *1–5 (W.D. Tex. Oct. 30, 2025); *Martinez*, 2025 WL 2965859, at *1–5; *Santiago v. Noem*, No. 3:25-cv-361-KC, 2025 WL 2792588, at *1–14 (W.D. Tex. Oct. 2, 2025); *Lopez-Arevelo v. Ripa*, No. 3:25-cv-337-KC, 2025 WL 2691828, at *1–13 (W.D. Tex. Sept. 22, 2025).  It is Respondents' prerogative to preserve these arguments for appeal.  Nevertheless, where they acknowledge that this case is materially indistinguishable from the Court's prior decisions, it follows that the same result is warranted here.

Thus, after careful consideration of the entire record,[2] and for reasons explained at length in *Lopez-Arevelo*, *Santiago*, *Martinez*, *Erazo Rojas*, *Lala Barros*, and this Court's many other decisions involving habeas claims brought by petitioners subject to mandatory detention under the Government's new interpretation of 8 U.S.C. § 1225(b), Mejia Osorio's Petition is **GRANTED IN PART** on procedural due process grounds.

The Court **ORDERS** that, <u>**on or before January 2, 2026**</u>, Respondents shall either: (1) provide Mejia Osorio with a bond hearing before an IJ, at which the Government shall bear the burden of justifying, by clear and convincing evidence of dangerousness or flight risk, Mejia Osorio's continued detention; or (2) release Mejia Osorio from custody, under reasonable conditions of supervision.

---

[1] Respondents make a novel argument that orders issued in the Central District of California regarding mandatory detention under 8 U.S.C. § 1225(b) are not preclusive and do not separately entitle Mejia Osorio to the relief he requests.  Resp. 10–17.  The Court need not reach this issue because it finds that Mejia Osorio succeeds on his own procedural due process claim, assessed independently of the California decision.

[2] The relevant facts are undisputed, *see* Resp. 1–2, and the Court grants relief without a hearing. *See Tijerina v. Thornburgh*, 884 F.2d 861, 866 (5th Cir. 1989) (citations omitted).

**IT IS FURTHER ORDERED** that, <u>**on or before January 2, 2026**</u>, Respondents shall **FILE** notice informing the Court whether Mejia Osorio has been released from custody. If Mejia Osorio has not been released from custody, Respondents shall inform the Court whether and when a bond hearing was held in accordance with the preceding paragraph. Respondents shall further inform the Court, in detail, of the reasons for the IJ's decision.

<u>**There will be no extensions of the January 2, 2026, deadlines.**</u>

**SO ORDERED**.

**SIGNED** this 23rd day of December, 2025.

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE